**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**GOLCONDA MINING COMPANY, an Idaho Corporation and Harry F. Magnuson, Defendant.**

**No. 65 Civ. 1512.**

United States District Court
S. D. New York.

Oct. 11, 1968.

See also, D.C., 246 F.Supp. 54.

Philip A. Loomis, Jr., General Counsel, David Ferber, Sol., Richard E. Nathan, Attorney Securities and Exchange Commission, Washington, D. C., for plaintiff.

Parr, Doherty, Polk & Sargent, New York City, for defendant Harry F. Magnuson; James C. Sargent, Robert S. Newman, New York City, of counsel.

WYATT, District Judge.

This is a motion by the Securities and Exchange Commission (the Commission or SEC) for summary judgment against defendant Magnuson on the second claim in the complaint (there called "second cause of action"). Fed.R.Civ.P. 56(a). The motion is said to be for "partial summary judgment", a form of words not used in the Rule and the accuracy of which, as applied to this motion, may be questionable. 6 Moore's Federal Practice (2d ed.) 2745–2762.

The motion is supported by affidavits of Richard E. Nathan, sworn to April 19 and May 24, 1968; of John J. Benvegar, sworn to April 19, 1968 (with exhibits attested by Charles A. Moore); and of Charles A. Moore, sworn to May 23, 1968. The motion is opposed by affidavits of defendant Magnuson, sworn to May 13, 1968 and of Robert Newman, sworn to May 29, 1968.

The motion must be granted.

The second claim in the complaint is directed against defendant Magnuson only. The averments are that the stock of Hecla Mining Company (Hecla), a Washington corporation, has been at all relevant times registered on a national securities exchange (meaning that the exchange itself was registered as a "national securities exchange" under Section 6 of the Securities Exchange Act of 1934 (15 U.S.C. § 78f; the "1934 Act") and that a "registration" was effective as to the Hecla stock under Section 12 of the 1934 Act (15 U.S.C. § 78l)); that Magnuson was a director of Hecla; that during five months in 1963 and during January and February 1964 Magnuson had 15 transactions in Hecla stock (which meant a "change" in his "ownership") which he failed to report as required by Section 16(a) of the 1934 Act (15 U.S.C. § 78p(a)); that he finally reported these transactions on December 30, 1964 after he knew that the Commission was investigating him; and that in October 1963 Magnuson filed a report as to a transaction by him in Hecla stock in September 1963 and that such report was false. The Commission asks for an injunction against any future violation by Magnuson of Section 16(a) of the 1934 Act.

The second claim against Magnuson is made under Section 21(e) of the 1934 Act (15 U.S.C. § 78u(e)) authorizing the Commission to bring such an action and authorizing the Court "upon a proper showing" to grant without bond a permanent or temporary injunction.

Section 16(a) of the 1934 Act requires, among other things, that directors of a corporation which has stock registered on a national securities exchange must file certain statements with the exchange and with the Commission. In the context of the case at bar, the first statement required is of the number of shares of stock of the corporation of which the director is the "beneficial owner". This must be filed within ten days

after he became a director. Thereafter, in any calendar month in which there is any change in his ownership of stock of the corporation, the director must file a statement indicating all changes in ownership of the stock and the number of shares owned at the end of that month. The word "report" and the word "reports" are sometimes used hereafter to refer to the statement or statements required by Section 16(a) to be filed. The word "file" in the statute clearly means delivery to the Commission and where a statement is sent by mail it is not filed until received by the Commission. This is also made plain by the rules of the SEC. 17 CFR § 240.0–3.

The rules of the SEC require that the initial statement of ownership by a director be filed on Form 3 and that monthly statements of changes of ownership be filed on Form 4. These forms are printed and supplied by the SEC with detailed instructions. These instructions as to Form 4 include directions that the "exact date" be stated and that statements are not deemed filed until "actually received by the Commission or exchange". At all relevant times defendant Magnuson was thoroughly familiar with these rules, forms, and instructions.

The facts are not subject to dispute.

Magnuson is a certified public accountant living in Wallace, Idaho. At all relevant times he was a director of Hecla, a mining corporation, the stock of which was registered on the American Stock Exchange, a national securities exchange.

Lucky Friday Silver-Lead Mines Company ("Lucky") was also a mining corporation and Magnuson was at all relevant times a director of Lucky. The shares of Lucky were at all relevant times registered on the American Stock Exchange, a national securities exchange.

Magnuson became a director of Hecla on July 22, 1960. He was thus required to file on or before August 1 a statement of all Hecla shares owned by him (as used herein "shares" refers to shares of Hecla). The report was filed on September 29, 1960 (almost two months late); it showed 1000 shares as owned.

On August 2, 1961, Magnuson sold 900 shares. He was required to file a report by September 11, 1961. The report was filed on February 11, 1963 (one year and five months late); it showed 100 shares then owned. The report was filed after notice from the SEC that it had discovered evidence of the transaction.

On December 17, 18 and 19, 1962, Magnuson bought 300, 100 and 100 shares, respectively. A report was required to be filed by January 10, 1963. He filed the report on January 21, 1963, showing 600 shares then owned.

On January 4, 1963, Magnuson bought 100 shares but filed no report as required by Section 16(a) until nearly two years later under circumstances to be described.

(References to dates hereafter, when no year is given, are to the year 1963.)

On May 20, Magnuson filed a report showing purchases by him of 200 Hecla shares on April 29, 100 shares on April 30, and 900 shares owned at the end of April 1963. The report was late because required to be filed by May 10. The report was false in that Magnuson owned at least 1000 shares at the end of January 1963.

In June, Magnuson, as "custodian under the Idaho Uniform Gifts to Minors Act for the benefit of his children", sold short 600 shares in three transactions. Such transactions are required to be reported by the director because beneficial ownership, for purposes of Section 16(a), includes ownership as a trustee where the beneficiaries are members of the immediate family of the director. 17 CFR § 240.16a–8. No report was filed by Magnuson until over a year later and under circumstances to be described.

In July, Magnuson, as custodian, etc. for his children, brought 300 shares in three transactions. No report of these transactions was filed until over a year later and under circumstances to be described.

On August 20, Magnuson bought 100 shares, on August 23 he bought another 100 shares, and on August 29 he bought 700 shares. These transactions were required to be reported by September 10.

On September 4, Magnuson bought 100 shares.

On September 5, he bought 900 shares.

On September 6, he bought 1600 shares.

On September 6, the directors of Lucky approved a merger agreement under which Lucky would be merged into Hecla on the basis of one and a half shares of Hecla for each share of Lucky.

On September 9, the directors of Hecla approved the same merger agreement.

On September 10, the merger agreement was publicly announced. The news appeared on the Dow-Jones news ticker shortly after two o'clock in the afternoon.

On September 13, Magnuson filed a report showing purchases by him of 100 Hecla shares on August 10, of 100 shares on August 19, and of 1100 shares owned at the end of August 1963. The report was not only late but false. The purchase of 700 shares on August 29 was not reported and the two purchases of 100 shares each were stated to have occurred respectively ten days and four days earlier than in fact they occurred. Moreover, Magnuson owned at the end of August at least 1900 shares, as opposed to the 1100 shares stated in his report.

On September 23, Magnuson bought 100 shares.

On October 21, Magnuson filed a report showing the purchase of 2900 shares in September whereas in fact he had purchased 2700 shares. The report was not only late but gave the transactions falsely as to both dates and amounts. The purchases of shares are given below as reported and as they in fact occurred:

| As reported | | As they occurred | |
| --- | --- | --- | --- |
| | | August 29 | 700 |
| | | September 4 | 100 |
| September 5 | 700 | September 5 | 900 |
| | | September 6 | 1600 |
| September 10 | 100 | | |
| September 11 | 1000 | | |
| September 12 | 1100 | | |
| | | September 23 | 100 |
| September 27 | 100 | | |

It can readily be seen that by falsifying the dates of the transactions Magnuson made it appear that he had bought 2200 shares in September on and after the public announcement (on September 10) of the Hecla-Lucky merger. In fact, he bought only 100 shares in September after public announcement of the merger but had bought 2600 shares in September *before* such public announcement.

In the report filed on October 21, Magnuson reported ownership of 4100 shares at the end of September 1963 whereas in fact he owned at least 4600 shares.

On October 11, Magnuson bought 100 shares and on October 14 he bought 100 shares. A report of these transactions was required by November 12. No report was filed until over a year later and under circumstances to be described.

In January 1964, Magnuson sold 300 shares, 100 of these on January 7 and 200 of these on January 24. A report of these transactions was required by February 10. No report was filed until over nine months later and under circumstances to be described.

In February 1964, Magnuson sold 300 shares, 100 of these on February 3, 100 of these on February 4 and 100 of these on February 18. A report of these transactions was required by March 10. No report was filed until over eight months later and under circumstances to be described.

The Commission and the American Stock Exchange became suspicious of the pattern of trading in Hecla and Lucky shares prior to the public announcement of their merger; investigations were begun.

One of the chief subjects of the investigation by the Commission was whether the insiders in Hecla and in Lucky had used their inside information to effect transactions in Hecla or Lucky shares, in violation of Section 10(b) of the 1934 Act (15 U.S.C. § 78j) and Rule 10b–5 of the Commission thereunder.

During this investigation, Magnuson was questioned under oath and testified on June 4, July 22, September 29, and September 30, 1964. During his September 1964 testimony, Magnuson was questioned directly about whether he had filed the required Section 16(a) reports with respect to purchases of Hecla shares before September 11, 1963, specifically "the purchase of all those shares". He answered that to the best of his recollection "they have been filed."

Apparently, Magnuson then consulted counsel.

Under date of December 28, 1964, counsel transmitted to the SEC various Section 16(a) reports signed by Magnuson and listed in the letter of transmittal as follows:

"January, 1963
April, 1963 (Amended)
June, 1963
July, 1963
August, 1963
September, 1963 (Amended)
October, 1963
January, 1964
February, 1964"

The report for August 1963 was an "amended" report.

The several reports were thus filed on December 30, 1964. They stated the transactions which had not been reported and corrected the errors as to those transactions which had been falsely reported.

Under date of January 5, 1965, counsel transmitted to the SEC amended reports for January and February 1964. These amended reports were filed on January 6, 1965. The effect of the amendment was to claim the January and February 1964 transactions as those of Magnuson, as custodian, etc. for his children, rather than for his own account. As already noted, the statutory duty to report is the same in either case.

It appears without dispute that Magnuson has filed nineteen statements under Section 16(a) in respect of the stock of Hecla. Not one was filed within the time required. One of these statements was required to be filed after the commencement of this action; even it was not timely filed.

There is no genuine issue of material fact as to the second claim. The points attempted to be made for Magnuson in opposition are too frivolous to merit discussion. It is established beyond dispute that Magnuson deliberately failed to file reports required in respect of Hecla stock, failed to file other such reports within the time required, and filed false reports whenever it suited his purpose, as, for example, for the month of September 1963. A clearer record of flagrant, persistent and callous violation of law would be hard to find. Moreover, this record was made by a certified public accountant who knew precisely what was required of him.

The Commission is entitled to the relief sought because there is a reasonable likelihood of further violations by defendant Magnuson in the future both as to the time of filing and as to the truth of the statements filed.

As to the scope of relief, there is a sufficient showing to require that the in-

junction restrain future violations in respect of any securities registered on a national securities exchange, and not merely the shares of Hecla.

Magnuson is a director of at least twenty corporations, the stock of which is publicly owned. Section 16(a) reports are required in respect of the securities of at least nine of these corporations because their stock is registered on a national securities exchange.

The Commission shows without dispute that Magnuson has filed 48 statements under Section 16(a) in respect of the stock of Golconda Mining Corporation; of these, 42 were not timely filed. Several of these were a year or more late. Of the ten such statements required to be filed since the commencement of this action, at least nine were not timely filed.

The Commission shows without dispute that Magnuson filed 7 statements under Section 16(a) in respect of the stock of Lucky. Five of these were not timely filed, two of them being more than a year late.

Without going into further detail, it can be said that a similar pattern as to Magnuson obtains as to the stock of seven other corporations.

It appears that on at least four occasions, the filing of the late report by Magnuson was brought about by notice to him that the Commission had discovered a transaction which should have been reported. It is fair to assume that, except for such notice, Magnuson would never have filed a report.

The motion is granted. It is expressly determined that there is no just reason for delay and it is expressly directed that judgment be entered in favor of plaintiff on the second claim. Fed.R. Civ.P. 54(b).

Settle judgment on notice.